## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **CHRISTY BETH HUFF,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.:** _____ |
| ) | |
| **PRATT & WHITNEY AUTOMATION, INC.,** ) | |
| **KELLY SERVICES, INC., &** ) | **JURY TRIAL DEMAND** |
| **QUINTIN LUNDY,** ) | |
| ) | |
| **Defendants.** ) | |

### COMPLAINT

### I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked by the Plaintiff pursuant to 28 U.S.C. §§ 1331, 1343, 1337, 2201, and 2202, and 42 U.S.C. section 2000e- 5(f). This is a suit authorized and instituted pursuant to Title VII of the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 2000e et seq. (Title VII), the laws of the state of Alabama, and the common law. Plaintiff also invokes this Court's pendent jurisdiction.

2. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 2000e et seq., providing injunctive and other relief from sexual discrimination and retaliation in employment.

3. This court has subject matter jurisdiction based on Title VII and the court may exercise supplemental jurisdiction of all related state-law based claims.

4. Injunctive and declaratory relief, damages, and other appropriate legal and equitable relief are sought pursuant to § 706(g) of Title VII, 42 U.S.C. § 2000e-5(g).

5. The unlawful employment practices alleged in this complaint were committed in Madison County in the Northern District of Alabama and venue is therefore proper in this District pursuant to § 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).

### II. PARTIES

6. Plaintiff is a female citizen of the United States of America and is a resident of Morgan County, Alabama. Plaintiff was employed by, and an employee of, the Defendants at

their offices located in Madison County, Alabama. At all relevant times herein, Plaintiff was an "employee" of Defendants within the meaning of 42 U.S.C. §§ 2000e et seq.

7. Plaintiff avers on information and belief: Pratt & Whitney Automation, Inc. (PrattWhitney) used the staffing services of Kelly Services, Inc. (Kelly) to employ the Plaintiff as an employee. PrattWhitney, employs over 15 persons and is otherwise subject to Title VII of the "Civil Rights Act of 1964," as amended. PrattWhitney is being sued in their capacity as a business. PrattWhitney is a corporation organized and existing under the laws of the United States of America, is qualified to do business in Alabama and does business in Madison County under the name Pratt & Whitney. PrattWhitney is an employer within the meaning of section Title VII in that it engages in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under Title VII, at all relevant times herein. PrattWhitney is an employer within the meaning of 42 U.S.C.A. § 2000e et seq.

8. Plaintiff avers on information and belief: Kelly is an employment agency that places workers for job assignments with employers and businesses. Kelly employs over 15 persons and is otherwise subject to Title VII of the "Civil Rights Act of 1964," as amended. Kelly is being sued in their capacity as a business. Kelly is a corporation organized and existing under the laws of the United States of America, is qualified to do business in Alabama and does business in Madison County under the name Kelly Services. Kelly is an employer within the meaning of Title VII in that it engages in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under Title VII, at all relevant times herein. Kelly is an employer and or employment agency within the meaning of 42 U.S.C.A. § 2000e et seq.

9. Plaintiff avers on information and belief: Quintin Lundy (Lundy) is a male citizen of the United States and, is a resident of Madison County, Alabama. At all times relevant herein, Lundy was employed by PrattWhitney. Lundy is being sued as an individual and as an employee, agent, and/or representative of PrattWhitney. Lundy was the Plaintiff's supervisor. As Plaintiff's supervisor during most of her employment at PrattWhitney, Lundy had the power to make personnel decisions regarding Plaintiff's employment. Lundy signed off on Plaintiff's hours, assigned her work, decided if she was allowed to work overtime, provided her with a raise, supervised her work, and prepared a letter on PrattWhitney's letterhead stating he was in fact her

supervisor. At all relevant times herein, Lundy was an employer within the meaning of 42 U.S.C.A. §§ 2000e et seq.

### III. ADMINISTRATIVE PROCEDURES

10. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the "Civil Rights Act of 1964." Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act and has filed suit within 90 days of receipt of her Notice of Right to Sue.

11. The Plaintiff filed a timely charge of sexual discrimination and retaliation against Kelly with the Equal Employment Opportunity Commission ("EEOC") and brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC on or about October 17, 2016.

12. The Plaintiff filed a timely charge of sexual discrimination and retaliation against PrattWhitney with the EEOC and brings this action within ninety (90) days of the receipt of a Notice of Right To Sue, issued by the EEOC on or about January 11, 2017.

### IV. ALLEGATIONS

13. Plaintiff realleges and incorporates by reference paragraphs one through twelve (1-12) as fully set forth herein.

14. Plaintiff was contracted as an employee to Kelly and PrattWhitney.

15. Plaintiff was assigned by PrattWhitney, its agents, servants, or employees to a supervisor, one Lundy.

16. Following the assignment of Lundy as a supervisor of the plaintiff, he commenced an immediate and continual course of conduct, in which he sexually harassed the plaintiff.

17. The sexual harassment by Lundy was repeated and was designed to compel the plaintiff to submit to his sexual advances, thus rendering plaintiff's submission to the sexual advances of Lundy a term or condition of employment.

18. After Plaintiff was hired, her supervisor, Lundy, began making offensive sexual comments to her on nearly a daily basis, including but not limited to, "You have me like an old dog and I wish I could see through your clothes."

19. In addition to offensive sexual comments, after Plaintiff was hired, her supervisor, Lundy, began making offensive sexual actions towards her on nearly a daily basis, including, but not limited to, the following:

    a. Stating that he could not stop thinking about the Plaintiff;

    b. Grabbing the Plaintiff's cellular telephone to look through the pictures stating he wanted to see nude pictures of the Plaintiff, although there were none;

    c. Requesting that the Plaintiff walk to where he was on a forklift and when asked what he needed, he would state that he wanted to watch the Plaintiff walk;

    d. Constant staring at the Plaintiff's body and rarely looking at her face;

    e. Stating he wanted to know what Plaintiff's "titties" felt like and pulled her shirt open and pulled down her bra and put his mouth on her nipple; and

    f. Kissed Plaintiff on her lips.

20. The sexual harassment by this supervisor substantially affected the plaintiff's employment and caused the plaintiff to miss work rather than submit to the continual sexual harassment and advances.

21. Following the commencement by Lundy of the numerous acts of sexual harassment, the plaintiff made multiple complaints to defendants, their agents, servants, or employees.

22. Despite the complaints made by the plaintiff to the defendants, their agents, servants, or employees, the defendants failed and or refused to terminate the course of conduct of Lundy, thus condoning the illegal acts and transforming the acceptance of the sexual advances of plaintiff's supervisor into a condition of plaintiff's continued employment.

23. The conduct of Lundy, constituting sexual harassment, abuse, and discrimination, was further ratified and condoned by the defendants in Lundy continually sexually harassed the plaintiff and compelled her submission to sexual intimacies and activities and other acts of sexual harassment.

    a. This conduct by Lundy was in fact known to the defendants, their agents, servants, or employees, and

    b. The defendants failed and refused to terminate this supervisor before it was too late, thus rendering the supervisor's conduct a policy of the defendants' that submission to sexual harassment is a condition of employment.

24. Defendants, their agents, servants or employees, by their conduct alleged in this complaint, intentionally, willfully, and without justification deprived the plaintiff of rights, privileges, and immunities secured by the Constitution and the laws of the United States, particularly the right to be free from sexual discrimination and harassment and retaliation.

25. Plaintiff was led to believe by Lundy and or PrattWhitney that her employment opportunities at PrattWhitney would be enhanced by acceding to the sexual advances and suggestions of Lundy. Plaintiff was also obliged to work in an atmosphere which was hostile to females by virtue of unsolicited and unwelcome sexual advances, requests for sexual favors and other verbal and physical conduct of a sexual nature. This sexual harassment was sufficiently pervasive to alter the conditions of plaintiff's employment and create a working environment which was intimidating, insulting and abusive to female employees.

26. Defendants discriminated against plaintiff because of her sex in violation of Title VII by not promoting her and otherwise discriminating against her, by engaging in, tolerating or failing to prevent the sexual harassment alleged above and by failing to take affirmative action to correct and redress these unlawful employment practices. Defendant also discriminated against plaintiff in violation of Title VII by discharging and otherwise discriminating against her because of her opposition to the unsolicited and unwelcome sexual advances forced upon her and the other sexual harassment in her workplace.

27. Plaintiff believes, and thus avers, that the effect of the defendants' unlawful employment practices has been to limit, classify and discriminate against females in ways which jeopardize and tend to deprive them of employment opportunities and otherwise adversely affect their status as employees because of their sex in violation of Title VII; and plaintiff, a victim of such practices, is now and will continue to be unlawfully deprived of income in the form of wages and of prospective retirement benefits, seniority, Social Security benefits, insurance coverage and other monetary and non-monetary benefits due to her solely because of her sex in sums to be proved at trial.

28. During plaintiff's employment by the defendants, Lundy, acting without plaintiff's consent and contrary to her stated wishes, touched her in a sexual manner on more than one occasion. Lundy sexually importuned plaintiff verbally and otherwise in a vulgar and unwelcome manner. This conduct and other incidents of harassment because of plaintiff's sex exceed the bounds of decency tolerated in Alabama. The harassment directed at the plaintiff

which ultimately caused plaintiff to not be promoted and or the termination of her employment was either intended to cause her severe emotional distress or was perpetrated with a reckless indifference to the likelihood that it would cause such distress. This harassment directed at plaintiff, in fact, caused her such severe emotional distress that she was obliged to miss employment time to protect her well-being. Defendants are, therefore, liable to the plaintiff for all damages proximately resulting from the distress she has suffered relating to the conduct of its Lundy and other agents of Kelly and PrattWhitney.

29. Plaintiff has no plain, adequate or complete remedy at law to correct the defendants' unlawful employment practices, and the injunctive and other equitable relief she seeks is her only means of securing full relief from these practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

30. Kelly and PrattWhitney permitted Lundy to cause a tangible employment action against plaintiff, by not promoting her so that she was a permanent employee and eligible for benefits, because she refused to give in to his sexual overtures.

31. The plaintiff has suffered damages in the amount of lost wages that continue to accrue, loss of retirement benefits, and any and all compensatory and punitive damages allowed by law.

32. Plaintiff avers that she was violated pursuant to Title VII and discriminated against because of her sex, female, in harassing her, creating a hostile environment, and retaliating against her.

33. Defendants have acted maliciously or with reckless indifference to plaintiff's rights under federal law.

34. Plaintiff is entitled to recover from the defendant reasonable attorneys' fees as provided in Title VII and or according to federal and state law.

35. By reason of each and every act alleged in this complaint, and the pattern, practice, custom and usage of which said acts are a part, plaintiff, because of her sex, was denied terms and conditions of employment commensurate with those offered to similarly situated men in violation of Title VII.

36. By reason of each and every act alleged in this complaint, the conduct of Lundy, PrattWhitney, and or Kelly amounted to discrimination in the terms, conditions, and privileges of plaintiff's employment, in violation of Title VII.

37. By reason of each and every act alleged in this complaint, plaintiff was reprimanded and or blamed for product quality issues that were not her fault, subjected to a hostile work environment, treated differently than other employees, and constructively fired in retaliation for asserting her civil rights and defendant therefore violated Title VII.

## V. SUPPLEMANTAL CLAIMS

### Invasion of Privacy

38. Plaintiff realleges and incorporates by reference all other paragraphs as fully set forth herein.

39. On or about the 8th day of October, 2015, Lundy wrongfully intruded into the Plaintiff's private activities so as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities by pulling her shirt open, pulling her bra down and putting his mouth on her nipple and pressing his lips against the plaintiff's lips, and thereby invaded the Plaintiff's privacy. Other behaviors of Lundy, including grabbing plaintiff's cell phone and looking through pictures (against her wishes) invaded the Plaintiff's privacy.

40. The Plaintiff as the proximate consequence of the said invasion of Plaintiff's privacy was caused to suffer the following injuries and damages: shame, mental anguish, humiliation, and embarrassment.

41. Plaintiff claims punitive damages of the Defendants because of the gross and oppressive and willful nature of Lundy's conduct.

### Negligent Investigation, Training, Supervision, and Discipline

42. Plaintiff realleges and incorporates by reference all other paragraphs as fully set forth herein.

43. Defendants were aware and or should have been aware of Lundy's conduct. Lundy's conduct was of such nature, character, and frequency that the defendants, in the exercise of due care, would have had them brought to their notice.

44. Defendants failed to exercise due care to investigate, train, supervise, and or discipline Lundy, and plaintiff suffered injury as a result of the defendants' said failures.

### Wanton Investigation, Training, Supervision, and Discipline

45. Plaintiff realleges and incorporates by reference all other paragraphs as fully set forth herein.

46. Defendants' failure to investigate, train, supervise, and or discipline Lundy was with a reckless or conscious disregard of the rights or safety of the plaintiff.

47. Defendants' conscious omission of the duty to investigate, train, supervise, and or discipline Lundy, while knowing of the existing conditions and being conscious that, from improperly doing or omitting to investigate, train, supervise, and or discipline, injury would likely or probably result to the plaintiff, and plaintiff suffered injury as a result of the defendants' said actions and or omissions.

### Outrage

48. Plaintiff realleges and incorporates by reference all other paragraphs as fully set forth herein.

49. On or about the 8th day of October, 2015, in Madison County, Alabama, Lundy intentionally or recklessly caused Plaintiff to suffer emotional distress by pulling her shirt open, pulling her bra down and putting his mouth on her nipple and pressing his lips against the plaintiff's lips.

50. On or about the 13th day of October, 2015, Lundy arrived at the door to Plaintiff's apartment uninvited, pounded his fist on the door, and yelled for the plaintiff to answer the door. This was the first time Lundy ever appeared at Plaintiff's apartment and she never provided him with her address.

51. The emotional distress that Defendant caused Plaintiff to suffer was so severe that no reasonable person could be expected to endure it.

52. Lundy's actions toward the Plaintiff were so outrageous in character, and so extreme in degree as to go beyond all possible bounds of decency, and are atrocious and utterly intolerable in a civilized society.

53. Lundy, by extreme and outrageous conduct intentionally or recklessly caused severe emotional distress to the plaintiff and is subject to liability for such emotional distress and for bodily harm resulting from the distress.

54. The Plaintiff claims punitive damages of the Defendants.

### Assault and Battery

55. Plaintiff realleges and incorporates by reference all other paragraphs as fully set forth herein.

56. On or about the 8th day of October, 2015, in Madison County, Alabama, Lundy assaulted and/or battered the Plaintiff by pulling her shirt open, pulling her bra down and putting his mouth on her nipple and pressing his lips against the plaintiff's lips.

57. As a proximate result of the Defendant's said assault and/or battery the Plaintiff was caused to suffer the following injuries and incur the following damages: mental anguish, shame, humiliation, annoyance, inconvenience, and/or emotional distress.

58. Plaintiff claims punitive damages of the defendants because of the intentional, willful, gross, oppressive and or malicious nature of Lundy's acts.

### Failure to Terminate Contract

59. Plaintiff realleges and incorporates by reference all other paragraphs as fully set forth herein.

60. Kelly operated as an employment agency/placement service which contracted with PrattWhitney, to employ the Plaintiff.

61. Kelly entered into a contract with PrattWhitney, and based upon information or belief, by the terms of said contract, retained the express right to terminate said contract upon receipt of notice of PrattWhitney's having violated Federal laws against sex discrimination and sexual harassment.

62. Kelly, was provided notice that the PrattWhitney violated terms of said contract, and it negligently or wantonly failed and/or refused to terminate said contract with PrattWhitney.

63. Before and after Kelly having been provided said notice, plaintiff was subjected to the harassment, discrimination, and other acts described above.

64. Plaintiff, therefore, avers that as least part of her damages arise as a consequence of Kelly's wanton or negligent failure to terminate said contract with PrattWhitney.

### VI. PRAYER

WHEREFORE, plaintiff prays that this Court:

A. Declare that the employment practices complained of in this complaint are unlawful in that they violate Title VII;

B. Permanently enjoin the defendants their agents, officers, and employees from engaging in all practices found by this Court to be in violation of Title VII;

C. Order the defendants to make the plaintiff whole by reinstating her with full back pay, bridged seniority and reimbursement for all loss of pension, retirement, insurance, Social

Security and other monetary and non-monetary benefits, and prejudgment interest, all in amounts to be proved at trial;

   D. Order that the defendants pay plaintiff compensatory damages;

   E. Order that the defendants pay plaintiff punitive damages;

   F. Retain jurisdiction over this action to ensure full compliance with the Court's orders and require the defendants to file such reports as the Court deems necessary to evaluate such compliance;

   G. Order the defendants to pay plaintiff's costs and expenses and reasonable attorneys' fees as provided in Title VII in connection with this action; and

   H. Grant such other and further relief to the plaintiff as the Court deems just and proper.

   This 12th day of January, 2017.

**LITTRELL LAW FIRM, P.C.**
By: */s/ Thomas Avery Littrell IV*
**THOMAS AVERY LITTRELL IV**
S.B.N.: 8336W14J
Post Office Box 2123
Decatur, AL 35602
Telephone: (800) 621-3591
Email: Avery@LittrellLaw.com
Attorney for Plaintiff

## JURY DEMAND

   Plaintiff demands a trial by jury of all issues triable of right by a jury.

            By: */s/ Thomas Avery Littrell IV*
            **THOMAS AVERY LITTRELL IV**
            **LITTRELL LAW FIRM, P.C.**
            Attorney for Plaintiff